**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**KEVIN ENRIQUE GOMEZ SANTOS,**

Petitioner,

v. Civil Action No. **3:26CV1163 (RCY)**

**NEY HIDALGO, *et al.*,**

Respondents.

**MEMORANDUM OPINION**

Kevin Enrique Gomez Santos ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. Petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. 1225(b) to mandate his detention violates the Immigration and Nationality Act. ECF No. 1, at 6.[1] Respondents filed an Opposition. ECF No. 6. Petitioner has filed no response. For the reasons set forth below, the § 2241 Petition will be DISMISSED AS MOOT because he already had a bond hearing.

**I. BACKGROUND**

Petitioner provides very little information in his § 2241 Petition. He explains:

> I entered the US in 2014 as a minor after fleeing Honduras. I spent 2 months in a shelter before being released to my mom. My mom hired an attorney to take my case, but I don't know what happened in that application. I was in a life altering car accident in 2021 and am still suffering from it. I require continued medical care still.
>
> . . . .
>
> My whole family lives in the US and I have lived here since I was about 12 years old. I am 25 now. Except for the shelter and one year I lived in California, I

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation in the parties' submissions.

> have lived my whole life in the U.S. in Virginia. I require medical care, like surgery, and physical therapy that I can't get in Honduras.

ECF No. 1, at 7.

Petitioner indicates that he was taken into immigration custody on August 18, 2025, and he was ordered removed on May 22, 2026, but that an appeal is pending. *Id.* at 5. On October 8, 2026, Petitioner filed his § 2241 Petition claiming that he has been improperly denied a bond hearing and was not subject to mandatory detention. *Id.* at 6. Petitioner asks the Court to order his "direct release" or to order "a fair bond hearing. *Id.* at 8.

On October 28, 2026, Respondents filed an Opposition stating that an Immigration Judge conducted a bond hearing on October 20, 2026, and determined that Petitioner was a danger to the community and a flight risk. ECF No. 6, at 2 (citation omitted). In support of that finding, the Immigration Judge found as follows:

> Regarding danger, in 2019, the respondent was convicted of driving without a license and not having an operator's license. While the statutory language does not inherently involve a risk of harm to persons or property, the commission of these offenses do reflect a disregard for the laws of the US. In 2021, the respondent was convicted of driving while intoxicated and appears to have injured himself as a result of the incident. As the Board has recognized, driving while intoxicated is a gravely dangerous offense that poses a risk of harm to oneself, persons, and property. *See Matter of Siniauskas*, 27 I&N Dec. 207 (BIA 2018). Despite being injured, the respondent appeared to engage in further criminal activity thereafter. In 2023 and 2024, the respondent was charged with unlawful dissemination images, use of a computer, two counts of stalking: reasonable fear of death/assault, and assault battery. While the Court acknowledges these charges ended with a nolle prosequi disposition, it is unclear what happened and why this was the final outcome. The Court is concerned by these charges as the underlying conduct of them does necessarily involve malicious or harmful behavior directed towards others. Finally, in 2024 and 2025, the respondent had numerous charges for drinking while driving/open container, failure to appear, operating an uninsured vehicle, no driver's license, and failing to obtain registration/title, with some of these charges leading to convictions. While the Court appreciates the respondent recognizing he has a problem with alcohol consumption and that he needs to seek rehabilitation, his continuing criminal conduct over the years makes the Court concerned he would still pose a risk to persons or property. Therefore, the Court finds the respondent failed to establish that he is not a danger to the community.

> In the alternative, regarding flight risk, the respondent entered without inspection in 4/2014; intends to live with his bond sponsor in Suffolk, VA if released; has no record of fleeing law enforcement; and his cousin is serving as his bond sponsor, but insufficient corroboration was provided of ability to financially support the respondent. In contrast, insufficient proof of prior employment and future employment plans were provided, though the Court acknowledges that the respondent's medical needs would necessarily have an impact on his ability to work. Additionally, he does not have any family that can confer an immigration benefit; he failed to appear in state criminal court on 8/21/24 and was found guilty in absentia in another criminal case on 12/13/19; he has a long list of criminal history from 2019 through 2025; and he was ordered removed on 5/22/26, but the Court acknowledges the respondent is currently appealing his case. Balancing all factors, the Court has significant concerns as to whether the respondent will comply with all orders of the Court and the laws of the US. Thus, the Court finds the respondent alternately failed to demonstrate he is not a flight risk.

ECF No. 6-1, at 2–3.

Respondents argues that the § 2241 Petition should be dismissed as moot because "[o]n October 20, 2026, Petitioner was denied bond by an Immigration Judge on account of being a danger to the community and a flight risk" and that Petitioner "has received the only relief this Court can provide, rendering the case moot." ECF No. 6, at 2 (citations omitted). Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to

state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted). Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Petitioner has already received the relief sought in the § 2241 Petition. Petitioner requested order "a fair bond hearing" or "direct release."[2] ECF No. 1, at 8. On October 20, 2026, "Petitioner was denied bond by an Immigration Judge on account of being a danger to the community and a flight risk." ECF No. 6, at 2 (citations omitted). Therefore, there is no live case or controversy remaining. *See Simpson v. Hoover*, No. 3:17-cv-00768-JAG-RCY, 2018 WL 3040017, at *2 (E.D. Va. June 19, 2018) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983))). The bond hearing rendered his § 2241 Petition moot. Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

## IV. CONCLUSION

The § 2241 Petition (ECF No. 1) and the action will be DISMISSED AS MOOT.

An appropriate Final Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 23, 2026
Richmond, Virginia

[2] Although Petitioner also asks for his release from custody, that is not the appropriate remedy here. Rather, ordering a bond hearing is the appropriate remedy, *see Avelar Ramos v. Bondi*, No. 3:26-cv-112 (MHL), 2026 WL 614875, at *5 (E.D. Va. Mar. 4, 2026), and Petitioner already had one on October 20, 2026.